United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| JAGANNATHAN MAHADEVAN, | § § | BANKRUPTCY NO. 21-30545 |
| Debtor. | § § | |
| | | |
| PREM BIKKINA, | § § | |
| Plaintiff-Appellee, | § § | CIVIL ACTION NO. H-22-4416 |
| v. | § § | ADV. PROCEEDING NO. 21-03054 |
| JAGANNATHAN MAHADEVAN a/k/a JAGAN MAHADEVAN, | § § § | |
| Defendant-Appellant. | § | |

## ORDER

This appeal requires this Texas court to decide whether a final judgment entered in a California state court against against a Texas bankruptcy debtor is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). In the California case, Prem Bikkina sued Mahadevan, Bikkina's former dissertation advisor, after Mahedevan publicly accused Bikkina of plagiarizing his academic work. Mahadevan asserted claims for negligence, defamation, and intentional infliction of emotional distress. *See In re Mahadevan*, 617 F. Supp. 3d 654, 657 (S.D. Tex. 2022). Judgment was entered against Mahadevan for $776,000. *Id.* Mahadevan filed for Chapter 7 bankruptcy in Texas days after the jury verdict. *Id.* at 658. Bikkina domesticated the judgment in Texas and initiated an adversary proceeding in the bankruptcy court, seeking an order that Mahadevan's debt to Bikkina be deemed nondischargeable as a willful and malicious injury under Bankruptcy Code § 423(a)(6). *Id.* at 658–59. This court ruled in a previous appeal that Mahadevan was not estopped

from litigating whether he had acted with the intent to harm Bikkina, as required for the debt to be nondischargeable under § 523(a)(6), and remanded the case to the bankruptcy court. *Id.* at 666.

On remand, the bankruptcy court denied Mahadevan's motion for judgment on the pleadings. Mahadevan appealed from the denial of his motion. Bikkina now moves to dismiss the appeal on the ground that this court lacks jurisdiction.

The appellate jurisdiction of the district courts is, in relevant part, as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
>> (1) from final judgments, orders, and decrees;
>>
>> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>>
>> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158. Mahadevan does not appeal from an order entered under § 1121(d).

Although the standard for finality under § 158(a)(1) is "more liberal[] or flexib[le]" than that for general appeals, the order that is the subject of the appeal "must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case for the order to be considered final.'" *In re Bartree*, 212 F.3d 277, 282 (5th Cir. 2000) (quoting *In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999)). The denial of a motion for judgment on the pleadings is not a final determination of the rights of either party to the adversary proceeding.

Section 158(a)(3) allows appeal from other interlocutory orders with the court's leave. Ordinarily, an appeal under § 158(a)(3) requires the appellant to accompany a timely notice of appeal with "a motion for leave to appeal prepared in conformance with subdivision (b)" of Federal

Rule of Bankruptcy Procedure 8004. This court follows the practice of "the vast majority of the district courts" in adopting the standard under 28 U.S.C. § 1292(b) in determining whether to grant leave to appeal. That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:

28 U.S.C. § 1292(b). Assuming, without deciding, that the lack of a statement from the bankruptcy court is not a bar to this court's jurisdiction to grant discretion to hear Mahadevan's appeal, the court nonetheless declines to hear the appeal.

This court previously reversed the bankruptcy court's grant of summary judgment for Bikkina, concluding that, under California law, the jury finding of liability in the California action did not satisfy the "willful and malicious injury" standard for nondischargeability. *In re Mahadevan*, 617 F. Supp. 3d at 667 (clarifying that, "[i]f the bankruptcy court finds that Mahadevan was willful and malicious in inflicting emotional distress on Bikkina, then $461,000 of the judgment debt is nondischargeable. If the bankruptcy court also finds that Mahadevan was willful and malicious in defaming Bikkina, then the entire $776,000 judgment debt is nondischargeable."). There does not appear to be a "substantial ground for a difference of opinion" on the proper legal standard to apply to resolve the adversary proceeding. Whether the California judgment reflected willful and malicious injury appears to be a factual dispute to resolve at trial. With respect to Mahadevan's objections to the bankruptcy court's discovery rulings, the bankruptcy court was best situated to resolve those disputes. *Seattle Times Co. v. Rhinehart*, 467

U.S. 20, 36 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.").

The court is sympathetic to Mahadevan's position as a litigant representing himself and his desire to resolve this dispute without a trial. This appeal is, however, not a way to expedite resolution.

The court grants the motion to dismiss this appeal for lack of jurisdiction. (Docket Entry No. 4).

_____
Lee H. Rosenthal
United States District Judge