United States Bankruptcy Court
Southern District of Texas

**ENTERED**
August 23, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 21-30545** |
| JAGANNATHAN MAHADEVAN, | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| PREM BIKKINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 21-3054** |
| | § | |
| JAGANNATHAN MAHADEVAN, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

The Court concluded a trial over the following dates, to wit: April 1, 2024; April 2, 2024; May 30, 2024; June 5, 2024; July 2, 2024; August 20, 2024, and  August 22, 2024 regarding whether Dr. Jagannathan Mahadevan ("*Dr. Mahadevan*") was willful and malicious in inflicting emotional distress on Dr. Prem Bikkina ("*Dr. Bikkina*") or if Dr. Mahadevan was willful and malicious in defaming Dr. Bikkina pursuant to the July 25, 2022, Memorandum Opinion and Order entered by the District Court.[1] Following the trial, the Court finds it necessary to order each party file a Proposed Findings of Fact and Conclusions of Law along with a proposed Judgment as set forth in this order. Accordingly, it is therefore:

**ORDERED:** that

1. Dr. Bikkina, as the creditor, bears the burden of proving the elements of § 523(a)(6) by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991).

2. Dr. Bikkina and Dr. Mahadevan are granted until  **Friday, December 6, 2024**  to file with the Clerk of Court, proposed Findings of Fact and Conclusions of Law and regarding the following topics:

   a. whether Dr. Mahadevan intended to cause injury or was substantially certain that his conduct would inflict emotion distress on Dr. Bikkina;[2]

   b. whether Dr. Mahadevan intended to cause injury or was substantially certain that his conduct would defame Dr. Bikkina;[3] and

---

[1] ECF No. 51.
[2] ECF No. 51 at 17.
[3] ECF No. 51 at 17.

    c. if Dr. Mahadevan was willful and malicious for either or both actions, were Dr Mahadevan's actions sufficiently justified under the circumstances?[4]

3. A Proposed Judgment not to exceed five pages in single spaced, Times New Roman 12-point font utilizing the United States Court's form No. B2610C.[5]

    a. If Dr. Mahadevan was not willful and malicious in inflicting emotional distress on Dr. Bikkina, then $461,000 of the judgment debt is dischargeable. If Dr. Mahadevan was not willful and malicious in defaming Dr. Bikkina, then the entire $776,000 plus $14,256.88 in costs for total judgment of $790,256.88, plus prejudgment interest of 10% debt is dischargeable.[6]

    b. If Dr. Mahadevan was willful and malicious in inflicting emotional distress on Dr. Bikkina, then $461,000 of the judgment debt is nondischargeable. If Dr. Mahadevan was willful and malicious in defaming Bikkina, then the entire $776,000 plus $14,256.88 in costs for total judgment of $790,256.88, plus prejudgment interest of 10% judgment debt is nondischargeable.[7]

4. Each proposed Findings of Fact and Conclusions of Law must not exceed twenty pages in double spaced, Times New Roman 12-point font. The proposed Findings of Fact and Conclusions of Law must be supported with citation to authority as follows:

    a. Proposed Findings of Fact must be supported through Admitted Exhibits, Testimony or both. Admitted Exhibits and Testimony must be cited in the following manner by way of example:

        i. ECF No. 141, Ex. 1 at 3-4, ¶ 12.
        ii. ECF No. 141, Ex. 1 at 2.

    b. Proposed Conclusions of Law must be supported by citation to proper legal authority, including but not limited to: case law, statutes, or applicable rules utilizing footnotes or in the body of the document.

5. If Dr. Bikkina or Dr. Mahadevan require additional time or additional pages, leave of Court must be requested by written motion filed with the Clerk of Court.

6. Once both Dr. Prem Bikkina and Dr. Jagannathan Mahadevan submit their proposed Judgment including Findings of Fact and Conclusions of Law, the Court will take this matter under advisement.

    SIGNED August 22, 2024

                    Eduardo V. Rodriguez
             Chief United States Bankruptcy Judge

---

[4] ECF No. 51 at 17; *see also In re Vollbracht*, 276 F. App'x 360, 362 (5th Cir. 2007) ("[F]or an injury to be 'willful and malicious' it must satisfy [the Fifth Circuit's] two-part test and not be sufficiently justified under the circumstances to render it not 'willful and malicious.'").

[5] https://www.uscourts.gov/file/18656/download.

[6] ECF No. 51.

[7] ECF No. 51.