United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 21-30545 |
| JAGANNATHAN MAHADEVAN, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| PREM BIKKINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-3054 |
| | § | |
| JAGANNATHAN MAHADEVAN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**
*Resolving ECF No. 218*

Pending before the Court is a single matter self-styled as "Defendant's Motion Under Rule 60(B)(1), (3) & (6) For Partial Relief From Order ECF No. 206 And Modification Of ECF No. 207"[1] (the "*Motion*") filed by Jagannathan Mahadevan ("*Defendant*") on October 6, 2024. The Court, finding no need for a hearing, denies the Motion for all the reasons discussed herein.

Defendant makes four requests in his Motion, to wit: (1) that the Court modify the minute entry at ECF No. 206 (the "*Minute Entry*") to strike admission of Prem Bikkina's ("*Plaintiff*") exhibit at ECF No. 141-2 under Federal Rules of Civil Procedure ("*Rule*" or "*Rules*") 60(b)(1),(3), and (6) (the "*First Request*"); (2) that the Court modify the order at ECF No. 207 (the "*Order for Proposed Judgment*") to remove reference to claims that Plaintiff allegedly never made in his complaint (the "*Complaint*") alleging non-dischargeability (the "*Second Request*"); (3) that the Court modify the Order for Proposed Judgment to grant Defendant 21 days from the date of filing of Plaintiff's proposed conclusions of law and fact to respond to Plaintiff's proposed conclusions of law and fact under BLR 9013-1, and correct Defendant's due date for filing his proposed conclusions of law and fact to occur on December 27, 2024; or in the alternative, grant Defendant a period of 14 days from the date of Plaintiff's filing to allow Defendant to file a response and rebuttal to Plaintiff's arguments and raise any objections to Plaintiff's proposed conclusions of facts (the "*Third Request*"); and (4) that the Court grant Defendant additional page count allowance to a total of 30 pages in his proposed conclusions of law and fact pursuant to the Order for Proposed Judgment (the "*Fourth Request*").[2] The Court will address each in turn.

---

[1] ECF No. 218.
[2] ECF No. 218.

As to the First Request, Defendant asserts that the exhibit at ECF No. 141-2, which is a copy of a California state court judgement (the "*State Court Judgment*") entered in favor of Plaintiff, should not have been admitted because the California state court issued an amended judgment (the "*Amended State Court Judgement*") that allegedly voided the State Court Judgment.[3] Having reviewed both the State Court Judgment and the Amended State Court Judgement, this Court finds that both are substantially similar, and that Defendant does not point to any specific difference that would prejudice him.[4] The Court also already ruled and issued an order on February 12, 2024, sustaining Defendant's objection to the use of the State Court Judgement as evidence.[5] The Court also issued its Order For Proposed Judgement allowing Defendant to present proposed conclusions of fact and law in his favor.[6] As such, the Minute Entry that shows admission of the State Court Judgement creates no prejudice to Defendant. Therefore, the First Request is denied.

As to the Second Request, Defendant asserts that Plaintiff, in his Complaint, never made a claim for non-dischargeability on account of willful and malicious intentional infliction of injury because the Complaint does not explicitly allege willful and malicious intentional infliction of emotional distress.[7] However, the Complaint "alleges that [Defendant's] debt is non-discharable [*sic*] under Bankrutpcy [*sic*] Code § 523(a)(6) because the debt deprives from willful and malicious injury by the [Defendant] to the creditor."[8] The Complaint stated that the debt that is allegedly non-dischargeable arises from a California state court judgement, and that the Plaintiff's complaint in that state court action stated causes of actions including intentional infliction of emotional distress.[9] In Defendant's many pleadings and appearances in this Court, Defendant never denied that Plaintiff brought a claim under § 523(a)(6) for intentional infliction of emotional distress.[10] For example, Defendant, in a motion for summary judgement, asserted that Plaintiff filed an "adversary proceeding alleging that his state court judgment against Mahadevan is non-dischargeable under Bankruptcy Code §523(a)(6). The underlying judgment held that Mahadevan was liable to Bikkina for negligence, *intentional infliction of emotional distress* and defamation in the amount of $776,000 in compensatory damages, plus costs and interest."[11] Therefore, Defendant is not prejudiced by the Order for Proposed Judgement requiring Plaintiff and Defendant to file conclusions of fact and law regarding "whether Dr. Mahadevan intended to cause injury or was substantially certain that his conduct would inflict emotion distress on Dr. Bikkina."[12] Accordingly, the Second Request is denied.

As to the Third Request, Defendant asserts that pursuant to Local Rule 9013-1, Defendant is entitled to 21 days from the date of filing of Plaintiff's proposed conclusions of law and fact to respond to Plaintiff's proposed conclusions of law and fact.[13] Local Rule 9013-1 does not require

---

[3] ECF No. 218.
[4] *Compare* ECF No. 141-2 with ECF No. 218-1.
[5] ECF No. 155.
[6] ECF No. 207.
[7] ECF No. 218.
[8] ECF No. 1 at ¶ 18.
[9] ECF No. 1 at ¶ 9.
[10] *See e.g.*, ECF No. 20.
[11] ECF No. 20 at ¶ 2 (emphasis added).
[12] ECF No. 207 at ¶ 2.
[13] ECF No. 218.

this Court to provide Defendant with an opportunity to respond to Plaintiff's proposed conclusions of law and fact in such manner because this Court has already given Defendant many opportunities to be heard on this matter. For example, the Court concluded a trial over this matter on the following dates: April 1, 2024; April 2, 2024; May 30, 2024; June 5, 2024; July 2, 2024; August 20, 2024, and August 22, 2024.[14] Further, Defendant has already been given an opportunity to submit responsive pleadings on this matter of non-dischargeability.[15] Therefore, the Third Request is Denied.

As to the Fourth Request, Defendant provides no argument or legal reasoning as to why the Court should grant Defendant additional page count allowance to a total of 30 pages in the proposed conclusions of law and fact.[16] Therefore, the Fourth Request is denied.

Accordingly, it is therefore:

**ORDERED:** that

1. Defendant's Motion Under Rule 60(B)(1),(3) & (6) For Partial Relief From Order ECF No. 206 And Modification Of ECF No. 207"[17] (the "*Motion*") filed by Jagannathan Mahadevan ("*Defendant*") on October 6, 2024 is DENIED.

SIGNED October 11, 2024

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[14] *See* ECF No. 207.
[15] *See e.g.*, ECF No. 62.
[16] ECF No. 218.
[17] ECF No. 218.